UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JORDAN HARVEY | CIVIL ACTION |
| VERSUS | NO. 23-2181 |
| WESTWEGO POLICE DEPARTMENT | SECTION: "J"(1) |

## ORDER AND REASONS

Before the Court are a *Motion for Default Judgment* **(Rec. Doc. 10)**, *Motion to Dismiss* **(Rec. Doc. 11)**, *Motion to Strike Defendant's Untimely Response* **(Rec. Doc. 12)**, *Motion for Injunction* **(Rec. Doc. 15)**, and a *Supplemental Motion for Default Judgment* **(Rec. Doc. 16)** filed by *pro se* Plaintiff Jordan Harvey. Defendant Westwego Police Department filed an opposition to the motion to strike (Rec. Doc. 13) and a *Motion to Dismiss* **(Rec. Doc. 11)** pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff also filed an opposition to Defendant's motion (Rec. Doc. 14). Having considered the motion, the memoranda, the record, and the applicable law, the Court finds that Plaintiff's motions should be **DENIED** and Defendant's motion to dismiss should be **GRANTED.**

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff, Jordan Harvey, alleges that on May 21, 2023, he was travelling by car when Westwego Police Department Officer Paul Theriot pulled him over. In his Complaint filed on July 5, 2023, Harvey admits that his vehicle did not have a license plate and alleges that the traffic stop violated his rights. He alleges that due to the traffic stop and ticket, he suffered loss of finances and earning capacity, emotional

distress, loss of companionship or consortium, loss of property and assets, hindrance of livelihood, and defamation of character. Harvey named as defendant the Westwego Police Department and demanded $10,000,000 in damages, that Paul Theriot be terminated from his position, and that all records pertaining to the ticket and the case be "terminated." (Rec. Doc. 3, at 6).

Defendant Westwego Police Department was served on July 28, 2023, and its answer was due August 18, 2023. On August 22, 2023, Plaintiff filed a motion for Default Judgment as to the Westwego Police Department. **(Rec. Doc. 10).** On August 24, 2023, Westwego Police Department filed a motion to dismiss for failure to state a claim. **(Rec. Doc. 11).** On August 29, 2023, Plaintiff moved to strike the motion to dismiss as untimely **(Rec. Doc. 12)**. On August 30, 2023, Defendant responded to the motion to strike, and on September 6, 2023, Plaintiff replied. Plaintiff subsequently filed a motion for injunction **(Rec. Doc. 15)** and supplemental motion for default judgment. **(Rec. Doc. 16).**

## LEGAL STANDARD

Under Rule 55(b) of the Federal Rules of Civil Procedure, a default judgment may be entered against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required time. Fed. R. Civ. P. 55(b). A plaintiff who seeks a default judgment against an uncooperative defendant must proceed through two steps. First, the plaintiff must petition the court for the entry of default, which is "a notation of the party's default on the clerk's record of the case." *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986).

After the clerk has entered the default, the plaintiff may move for default judgment. Fed. R. Civ. P. 55(b). When considering whether there is a "sufficient basis in the pleadings" for the entry of a default judgment, the court must accept as true "the well-pleaded factual allegations in the plaintiff's complaint." *Meyer v. Bayles*, 559 F. App'x 312, 313 (5th Cir. 2014) (quoting *Nishimatsu Const. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). However, the defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206. No party is entitled to a default judgment as a matter of right, even where the defendant is technically in default. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). The disposition of a motion for the entry of default judgment ultimately rests within the sound discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable

3

inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).  However, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## DISCUSSION

### I. Plaintiff's Motions for Default Judgment (Rec. Docs. 10, 16) and Motion to Strike Defendant's Motion to Dismiss (Rec. Doc. 12)

Plaintiff's motions for default judgment state that the motion follows the clerk's entry of default and that Defendant is in default. (Rec. Doc. 10, at 1; Rec. Doc. 16, at 2). This statement is incorrect; Plaintiff did not move for entry of default, and the clerk did not enter a default into the record of this case.

"Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2682 (4th ed. 2023). In other words, a plaintiff seeking a default judgment must proceed through two steps. First, the plaintiff must show proper service of the complaint and move for an entry of default, which is simply "a notation of the party's default on the clerk's record of the case." *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986). Before entering a default, the plaintiff must show "by affidavit or otherwise" that the defendant "failed to plead or otherwise defend...." Fed. R. Civ. P. 55(a).  Second, after default has been entered, the plaintiff may move for a default judgment under Rule 55(b).

4

Here, Plaintiff did not seek or obtain an entry of default judgment with respect to the Westwego Police Department prior to moving for default judgment pursuant to Rule 55(b). As a result, Plaintiff's motions for default judgment are premature.

In his motion to strike, Plaintiff argues that Defendant filed its motion to dismiss after Plaintiff filed a motion for default judgment, so Defendant's motion should be stricken. (Rec. Doc. 12, at 2). Because the motion for default judgment was premature, the motion to strike is moot.

II.     **Defendant's Motion to Dismiss (Rec. Doc. 11)**

Defendant, Westwego Police Department, moves for dismissal because of Plaintiff's failure to state a claim against it. (Rec. Doc. 11). Specifically, Defendant argues that, as the sole defendant in this case, the Westwego Police Department is not a juridical entity capable of being sued. (Rec. Doc. 11-1, at 4).

According to Rule 17(b) of the Federal Rules of Civil Procedure, the capacity of a defendant to be sued is determined "by the law of the state where the Court is located." Fed. R. Civ. P. 17(b). Under Louisiana law, in order to have capacity to be sued, an entity must qualify as a "juridical person," which the Civil Code defines as "an entity to which the law attributes personality, such as a corporation or a partnership." *Dugas v. City of Breaux Bridge Police Dep't.*, 757 So.2d 741, 743 (La. App. 3 Cir. 2000) (citing La. Civ. Code. art. 24). And under Louisiana law, police departments are not juridical entities capable of suing or being sued. *See Francois v. City of Gretna*, No. CIV.A. 13-2640, 2015 WL 846698, at *2 (E.D. La. Feb. 25, 2015) (holding that the Gretna Police Department did not have legal capacity to be a party

5

to litigation because it is not a juridical entity which is separate and distinct from the City of Gretna); *Williams v. Houma Police Dep't*, No. CV 20-0040, 2020 WL 4808651, at *5 (E.D. La. July 14, 2020), *report and recommendation adopted*, No. CV 20-0040, 2020 WL 4785079 (E.D. La. Aug. 18, 2020) ("Because the Houma Police Department is not capable of being sued, it is not a proper party and the claims against it must be dismissed as frivolous or for failure to state a claim for which relief can be granted."); *Burns v. Westwego Police Dep't*, No. CIV.A. 14-2242, 2014 WL 7185449 (E.D. La. Dec. 16, 2014) (holding that the claims against the Westwego Police Department must be dismissed because it is not a juridical entity capable of being sued); *Winding v. City of New Orleans*, No. 14-2460, 2015 WL 222365, at *5 (E.D. La. Jan. 14, 2015) (holding that the New Orleans Police Department was not a suitable defendant and that all claims brought against it must be dismissed).

The only defendant in this case is the Westwego Police Department, and it is well settled law that the Westwego Police Department is not a juridical entity capable of being sued. Thus, Plaintiff cannot state a claim against it, and Plaintiff's claims must be dismissed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Default Judgment* **(Rec. Doc. 10)** and *Supplemental Motion for Default Judgment* **(Rec. Doc. 16)** are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's *Motion to Dismiss* **(Rec. Doc. 11)** is **GRANTED**, and Plaintiff's claims against the Westwego Police Department are hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's *Motion to Strike Defendant's Untimely Response* **(Rec. Doc. 12)** and *Motion for Injunction* **(Rec. Doc. 15)** are **DENIED as moot.**

New Orleans, Louisiana, this 12th day of October, 2023.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE